DOWNEY, Judge.
The parties to this appeal were married and had lived together in Massachusetts for approximately fourteen years when appellant departed the marital home. Prior to leaving appellant conveyed his interest in the home and furniture valued at approximately $50,000 to appellee and gave her $1,000 in cash. He took with him the balance of their joint savings account amounting to $6,753 and signed appellee’s name to a promissory note for $3,500. He also left debts of approximately $33,359, for part of which appellee had some direct liability.
To appellant’s petition for dissolution of marriage appellee filed an answer praying for alimony, child support, and attorney’s fees. The final judgment appealed from awarded appellee custody of the two minor children of the marriage, $70 per week child support, $20 per week rehabilitative alimony for twenty months, lump sum alimony of stock worth approximately $16,500, and a $1,000 attorney’s fee. It also ordered appellant to pay all of the debts of the marriage and any necessary medical and dental expenses of the children.
*460 Appellant’s sole complaint is directed at the award of rehabilitative and lump sum alimony.
At the time of the final hearing appellant was employed as a salesman with a net income of $142 per week. He owned $15,000 in stock which he had inherited from his mother.
With the final judgment in effect appellant has been divested of virtually all of his assets, required to pay all of the liabilities or debts of the marriage incurred by him, and ordered to pay the lion’s share of his income for alimony and child support. After awarding appellee the $16,500 worth of stock as lump sum alimony, the final judgment states that the stock is also awarded to appellee in repayment of her one-half of the joint savings account taken by appellant and to offset the note to which appellant signed appellee’s name.
We do not not believe the circumstances of this case justified the award of $16,500 to appellee either as lump sum alimony or in repayment of her interest in the savings account or for the forged note. Considering the respective need and ability of the parties, the amount awarded as lump sum alimony is too high. In addition, lump sum alimony is not the proper vehicle to repay the note to which appellant signed appellee’s name or to reimburse appellee for her share of the joint bank account which appellant withdrew. We would also point out with regard to the note, that since it is a forgery it is not enforceable against appellee. Regarding reimbursement for the joint bank account, it appears the trial court has failed to take into consideration appellant’s conveyance to appellee of his half interest in the home and furniture, which interest was worth between $15,000 and $20,000 net. That conveyance should certainly offset appellee’s interest in the bank account.
Accordingly, the final judgment is affirmed in all respects except as to the award of lump sum alimony. Upon remand the trial court should further consider, either upon this record or after the taking of further testimony, the amount of lump sum alimony based upon the appel-lee’s need and the appellant’s ability to pay.
Reversed and remanded with directions.
OWEN and MAGER, JJ., concur.